FILED
2024 Jan-12  AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ZACHARY HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 2:23-cv-01731-ACA |
| SERRA NISSAN OLDSMOBILE, | ) | |
| INC., SERRA AUTOMOTIVE | ) | |
| MANAGEMENT GROUP, INC., | ) | |
| and FICTITIOUS DEFENDANTS | ) | |
| 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS SERRA NISSAN OLDSMOBILE, INC., AND SERRA AUTOMOTIVE MANAGEMENT GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendants Serra Nissan Oldsmobile, Inc. and Serra Automotive Management Group, Inc. (collectively referred to herein as "Defendants"), named defendants in the above-styled case, by and through undersigned counsel, who, in response to the Complaint filed by Plaintiff, Zachary Hopkins, hereby answer as follows:

## I. INTRODUCTION

1.     Defendants deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint, to the extent they are directed to Defendants.

1

2.      Defendants deny the allegations set forth in Paragraph 2 of Plaintiff's Complaint, to the extent they are directed to Defendants.

3.      Defendants deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint, to the extent they are directed to Defendants.

## II. VENUE

4.      Defendants deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint, to the extent they are directed to Defendants.

## III. PARTIES

5.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore deny the same.

6.      Defendant Serra Nissan Oldsmobile, Inc. admits it sells new and used cars. Defendant Serra Nissan Oldsmobile, Inc., denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant Serra Automotive Management Group, Inc., admits it is an Alabama corporation which does business on Center Point Parkway in Birmingham, Alabama. Defendant Serra Automotive Management Group, Inc., denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

2

8.      Defendants deny the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9.      Defendants deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore deny the same.

11.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore deny the same.

12.     Defendants deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint, to the extent they are directed to Defendants.

13.     Defendants deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint, to the extent they are directed to Defendants.

## IV. RELEVANT FACTS

14.     Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants admit to handling the title documents. Defendants deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint, and therefore deny the same.

19.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore deny the same.

20.     Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore deny the same.

22.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore deny the same.

23.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore deny the same.

24.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint, and therefore deny the same.

25.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore deny the same.

26.    Defendants admit Plaintiff contacted them about the title. Defendants deny the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 27 of Plaintiff's Complaint, and therefore deny the same. Defendants deny the allegations set forth in the second sentence of Paragraph 27 of Plaintiff's Complaint.

28.    Defendants deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

# V. CAUSES OF ACTION

## COUNT ONE:

## VIOLATIONS OF THE FEDERAL ODOMETER ACT 49 U.S.C. 32701

29.   Paragraph 29 of Plaintiff's Complaint contains no averments for which a response is required. Defendants fully incorporate all preceding statements as if stated fully herein.

30.   Defendants admit certain duties exist as a matter of law. Defendants deny that Defendants breached any such duties and deny the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint, to the extent they are directed to Defendants.

31.   Paragraph 31 of Plaintiff's Complaint contains no averments for which a response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.   Paragraph 32 of Plaintiff's Complaint contains no averments for which a response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

33.   Defendants deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint, to the extent they are directed to Defendants.

6

34.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint, and therefore deny the same.

35.     Defendants admit to handling the title documents. Defendants deny the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of Plaintiff's Complaint, including subparagraphs (a) – (d) of Paragraph 36, to the extent they are directed to Defendants.

37.     Defendants deny the allegations set forth in Paragraph 37 of Plaintiff's Complaint, to the extent they are directed to Defendants.

38.     Defendants deny the allegations set forth in Paragraph 38 of Plaintiff's Complaint, to the extent they are directed to Defendants.

39.     Defendants deny the allegations set forth in Paragraph 39 of Plaintiff's Complaint, to the extent they are directed to Defendants.

40.     Defendants deny the allegations set forth in Paragraph 40 of Plaintiff's Complaint, to the extent they are directed to Defendants.

41.     Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 41 of Plaintiff's Complaint.

## <u>COUNT TWO: WANTONNESS/NEGLIGENCE/RECKLESSNESS</u>

42.     Paragraph 42 of Plaintiff's Complaint contains no averments for which a response is required. Defendants fully incorporate all preceding statements as if stated fully herein.

43.     Defendants admit certain duties exist as a matter of law. Defendants deny that Defendants breached any such duties and deny the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint, to the extent they are directed to Defendants.

44.     Defendants deny the allegations set forth in Paragraph 44 of Plaintiff's Complaint, including the subparagraphs (a) – (g) of Paragraph 44, to the extent they are directed to Defendants.

45.     Defendants deny the allegations set forth in Paragraph 45 of Plaintiff's Complaint, to the extent they are directed to Defendants.

46.     Defendants deny the allegations set forth in Paragraph 46 of Plaintiff's Complaint, to the extent they are directed to Defendants.

47.     Defendants deny the allegations set forth in Paragraph 47 of Plaintiff's Complaint, to the extent they are directed to Defendants.

48.     Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 48 of Plaintiff's Complaint.

8

## **COUNT THREE:**

## **FRAUD/MISREPRESENTATION/FRAUDULENT SUPPRESSION**

49.     Paragraph 49 of Plaintiff's Complaint contains no averments for which a response is required. Defendants fully incorporate all preceding statements as if stated fully herein.

50.     Defendants admit the allegations, as to what was known and relied on by Defendants at the time of sale and represented to Plaintiff, set forth in Paragraph 50 of Plaintiff's Complaint, including the subparagraphs (a) – (j) of Paragraph 50.

51.     Defendants deny the allegations set forth in Paragraph 51 of Plaintiff's Complaint, to the extent they are directed to Defendants.

52.     Defendants deny the allegations set forth in the first sentence of Paragraph 52 of Plaintiff's Complaint, to the extent they are directed to Defendants. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of Plaintiff's Complaint, to the extent they are directed to Defendants.

54.     Defendants deny the allegations set forth in Paragraph 54 of Plaintiff's Complaint, to the extent they are directed to Defendants.

55.    Defendants deny the allegations set forth in the first sentence of Paragraph 55 of Plaintiff's Complaint, to the extent they are directed to Defendants. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 55 of Plaintiff's Complaint.

56.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint, and therefore deny the same.

57.    Defendants deny the allegations set forth in Paragraph 57 of Plaintiff's Complaint, to the extent they are directed to Defendants.

58.    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 58 of Plaintiff's Complaint.

## COUNT FOUR: BREACH OF FIDUCIARY DUTY

59.    Paragraph 59 of Plaintiff's Complaint contains no averments for which a response is required. Defendants fully incorporate all preceding statements as if stated fully herein.

60.    Defendants deny the allegations set forth in Paragraph 60 of Plaintiff's Complaint, to the extent they are directed to Defendants.

61.    Defendants deny the allegations set forth in Paragraph 61 of Plaintiff's Complaint, to the extent they are directed to Defendants.

10

62.     Defendants admit certain duties exist as a matter of law. Defendants deny that Defendants breach any such duties and deny the remaining allegations contained in Paragraph 62 of Plaintiff's Complaint, to the extent they are directed to Defendants.

63.     Defendants deny the allegations set forth in Paragraph 63 of Plaintiff's Complaint, to the extent they are directed to Defendants.

64.     Defendants deny the allegations set forth in Paragraph 64 of Plaintiff's Complaint, to the extent they are directed to Defendants.

65.     Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 65 of Plaintiff's Complaint.

## COUNT FIVE:

## NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

66.     Paragraph 66 of Plaintiff's Complaint contains no averments for which a response is required. Defendants fully incorporate all preceding statements as if stated fully herein.

67.     Defendants admit certain duties exist as a matter of law. Defendants deny that Defendants breach any such duties and deny the remaining allegations contained in Paragraph 67 of Plaintiff's Complaint, to the extent they are directed to Defendants.

11

68.    Defendants admit certain duties exist as a matter of law. Defendants deny that Defendants breach any such duties and deny the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint, to the extent they are directed to Defendants.

69.    Defendants deny the allegations set forth in Paragraph 69 of Plaintiff's Complaint, to the extent they are directed to Defendants.

70.    Defendants deny the allegations set forth in Paragraph 70 of Plaintiff's Complaint, to the extent they are directed to Defendants.

71.    Defendants deny the allegations set forth in Paragraph 71 of Plaintiff's Complaint, to the extent they are directed to Defendants.

72.    Defendants deny the allegations set forth in Paragraph 72 of Plaintiff's Complaint, to the extent they are directed to Defendants.

73.    Defendants deny the allegations set forth in Paragraph 73 of Plaintiff's Complaint, to the extent they are directed to Defendants.

74.    Defendants deny the allegations set forth in Paragraph 74 of Plaintiff's Complaint, to the extent they are directed to Defendants.

75.    Defendants deny the allegations set forth in Paragraph 75 of Plaintiff's Complaint, to the extent they are directed to Defendants.

76.    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 76 of Plaintiff's Complaint.

## COUNT SIX: BREACH OF EXPRESS WARRANTIES

77.    Paragraph 77 of Plaintiff's Complaint contains no averments for which a response is required. Defendants fully incorporate all preceding statements as if stated fully herein.

78.    Defendants admit the allegations, as to what was known and relied on by Defendants at the time of sale and represented to Plaintiff, set forth in Paragraph 78 of Plaintiff's Complaint, including the subparagraphs (a) – (e) of Paragraph 78.

79.    Defendants deny the allegations set forth in Paragraph 79 of Plaintiff's Complaint, to the extent they are directed to Defendants.

80.    Defendants deny the allegations set forth in Paragraph 80 of Plaintiff's Complaint, to the extent they are directed to Defendants.

81.    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 81 of Plaintiff's Complaint.

## COUNT SEVEN: BREACH OF WARRANTY OF TITLE

82.    Defendants admit the allegations, as to what was known and relied on by Defendants at the time of sale and represented to Plaintiff, set forth in Paragraph 82 of Plaintiff's Complaint, including the subparagraphs (a) – (c) of Paragraph 82.

83.    Defendants deny the allegations set forth in Paragraph 83 of Plaintiff's Complaint, to the extent they are directed to Defendants.

13

84.    Defendants deny the allegations set forth in Paragraph 84 of Plaintiff's Complaint, to the extent they are directed to Defendants.

85.    Defendants deny the allegations set forth in Paragraph 85 of Plaintiff's Complaint, to the extent they are directed to Defendants.

86.    Defendants deny the allegations set forth in Paragraph 86 of Plaintiff's Complaint, to the extent they are directed to Defendants.

87.    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 87 of Plaintiff's Complaint.

## COUNT EIGHT: FRAUDULENT CONCEALMENT

88.    Paragraph 88 of Plaintiff's Complaint contains no averments for which a response is required. Defendants fully incorporate all preceding statements as if stated fully herein.

89.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiff's Complaint, and therefore deny the same.

90.    Defendants deny the allegations set forth in Paragraph 90 of Plaintiff's Complaint, to the extent they are directed to Defendants.

91.    Defendants deny the allegations set forth in Paragraph 91 of Plaintiff's Complaint, to the extent they are directed to Defendants.

14

92.    Defendants admit certain duties exist as a matter of law. Defendants deny that Defendants breach any such duties and deny the remaining allegations contained in Paragraph 92 of Plaintiff's Complaint, to the extent they are directed to Defendants.

93.    Defendants deny the allegations set forth in the first sentence of Paragraph 93 of Plaintiff's Complaint, to the extent they are directed to Defendants. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 93 of Plaintiff's Complaint, and therefore deny the same.

94.    Defendants deny the allegations set forth in Paragraph 94 of Plaintiff's Complaint, to the extent they are directed to Defendants.

95.    Defendants deny the allegations set forth in Paragraph 95 of Plaintiff's Complaint, to the extent they are directed to Defendants.

96.    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 96 of Plaintiff's Complaint.

## COUNT NINE: BREACH OF CONTRACT

97.    Paragraph 97 of Plaintiff's Complaint contains no averments for which a response is required. Defendants fully incorporate all preceding statements as if stated fully herein.

15

98.    Defendants admit the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.    Defendants admit the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.    Defendants deny the allegations set forth in Paragraph 100 of Plaintiff's Complaint, to the extent they are directed to Defendants.

101.    Defendants admit that Plaintiff contacted them about the title. Defendants deny the remaining allegations contained in Paragraph 101 of Plaintiff's Complaint, to the extent they are directed to Defendants.

102.    Defendants deny the allegations set forth in Paragraph 102 of Plaintiff's Complaint, to the extent they are directed to Defendants.

103.    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 103 of Plaintiff's Complaint.

## JURY DEMAND

Defendants demand a trial by struck jury.

## AFFIRMATIVE DEFENSES

AND NOW, in defense of the allegations asserted by Plaintiff, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

16

## SECOND AFFIRMATIVE DEFENSE

Defendants deny engaging in any wrongful conduct or fraudulent activity which led to the purported damages Plaintiff contends to have suffered. Rather, any alleged wrongful conduct or fraudulent activity was caused by third parties who were not under the direction or authority of Defendants.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's negligence exceeded the negligence of any other party who may have caused or contributed to the incident which resulted in Plaintiff's alleged injuries and damages, and Plaintiff is barred from recovery.

## FOURTH AFFIRMATIVE DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of Defendants and any alleged injuries or damages to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted reasonably and expressly deny any negligence or any other wrongdoing with respect to their actions in this case.

## SIXTH AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiff were the result of actions or omissions of individuals over whom Defendants had no control; therefore, Defendants cannot be liable to Plaintiff.

17

## SEVENTH AFFIRMATIVE DEFENSE

Defendants did not breach any duty owed to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred by the doctrines of contributory negligence and assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

## TENTH AFFIRMATIVE DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case is in violation of the Fourth Amendment of the Constitution of the United States; the Fifth Amendment of the Constitution of the United States; of the right to counsel and a fair trial provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; and the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

18

## ELEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States because punitive damages are penal in nature, and Defendants are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

## TWELFTH AFFIRMATIVE DEFENSE

The imposition of punitive damages deprives Defendants of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States or the following reasons, jointly and separately:

A.    The procedures to be followed would permit the awarding of punitive damages against a defendant upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

B.    The procedures to be followed would permit an award of punitive damages against a defendant upon the satisfaction of a burden of persuasion (standard of proof) less than what is applicable to tortfeasors in other actions;

C.    The absence of sufficiency specific and objective standards for the imposition of punitive damages fails to ensure the equality of treatment between and among similarly situated civil defendants and, thus, may result in the imposition of disparate penalties for the same or similar acts; and

D.    Punitive damages are penal in nature and defendants, without procedural protections, are compelled to disclose documents and/or other evidence without constitutional safeguards against

19

self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred to the extent that they seek the admission into evidence of  Defendants' net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment grounded in a defendant's status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments to the Constitution of the United States.

## FOURTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case will constitute an excessive fine in violation of the Eighth Amendment of the Constitution of the United States.

## FIFTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States for the following reasons, jointly and separately:

    A.    The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by Plaintiff;

20

B.   The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of Defendants' property with no rationally stated purpose;

C.   Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process; and

D.   Such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

## SIXTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiff in this case would be in violation of Article 1, Section 10, Clause 1 of the Constitution of the United States prohibiting laws which impair the obligation of contracts.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case unconstitutionally violates the rights of Defendants' access to the courts as guaranteed by the First and Fourteenth Amendments of the Constitution of the United States.

## NINETEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the Constitution of the United States as

incorporated into the Fourteenth Amendment of the Constitution of the United States.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages should not be submitted to the jury because, under the United State Supreme Court's holding in <u>Cooper Industries, Inc. vs. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), the issue of punitive damages is not a question of fact to be decided by a jury.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of <u>Cooper Indust., Inc., v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001); <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 599 (1996), and the application thereof in <u>BMW of North America, Inc. v. Gore</u>, 701 So. 2d 507 (Ala. 1997); and <u>State Farm Mut. Auto Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be subject to scrutiny under the factors set forth in <u>Cooper Indust., Inc., v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001); <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 599 (1996), and

the application thereof in <u>BMW of North America, Inc. v. Gore</u>, 701 So. 2d 507 (Ala. 1997); and <u>State Farm Mut. Auto Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any jury making an award of punitive damages in this case must consider the factors set forth in <u>Cooper Indust., Inc., v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001); <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 599 (1996), and the application thereof in <u>BMW of North America, Inc. v. Gore</u>, 701 So. 2d 507 (Ala. 1997); and <u>State Farm Mut. Auto Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be unconstitutional under <u>Cooper Indust., Inc., v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001); <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 599 (1996), and the application thereof in <u>BMW of North America, Inc. v. Gore</u>, 701 So. 2d 507 (Ala. 1997); and <u>State Farm Mut. Auto Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003), because Defendants received no notice of the severity of the potential penalty that might be imposed as punishment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any punitive damages assessed against Defendants must be mitigated in accordance with the factors set forth in <u>Cooper Indust., Inc. vs. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001); <u>BMW of North America, Inc. v. Gore</u>, 517 U.S.

559 (1996), and the application thereof in <u>BMW of North America, Inc., v. Gore</u>, 701 So. 2d 507 (Ala. 1997); <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants did not breach any contract with Plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants lacked material knowledge of the facts at issue in this case and did not intend to deceive or mislead Plaintiff. Furthermore, Defendants relied on information provided by reputable third parties.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants deny each and every allegation of the Complaint not specifically responded to.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to supplement their affirmative defenses as discovery in this case progresses.

WHEREFORE, Defendants Serra Nissan Oldsmobile, Inc., and Serra Automotive Management Group, Inc., respectfully pray that after all proceedings have been completed, that judgment issue as follows:

(a)    that all claims asserted by Plaintiff, Zachary Hopkins, be dismissed with prejudice;

24

(b)    that all the relief sought by Plaintiff, and all other relief, be

denied;

(c)    that all claims which may be tried by jury be so tried;

(d)    that Plaintiff be ordered to pay Defendants' attorney fees and

costs of litigation; and

(e)    that Defendants have such other and further relief as the Court

deems just, proper and equitable.

Respectfully submitted this 12th day of January, 2024.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Peyton E. Patterson*
S. Christopher Collier
Alabama Bar No.: COL114
Peyton E. Patterson
Alabama Bar No.: PAT108
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585 (phone)
(404) 467-8845 (fax)
Chris.Collier@lewisbrisbois.com
Peyton.Patterson@lewisbrisbois.com
*Counsel for Defendants Serra Nissan Oldsmobile, Inc. and Serra Automotive Management Group, Inc.*

25

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I served a copy of the foregoing ***Defendants Serra Nissan Oldsmobile, Inc., and Serra Automotive Management Group, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint*** with the Clerk of Court using the CM/ECF filing system, which will automatically send email notification of such filing to the following attorneys of record, as well as by U.S. Mail, to:

Thomas C. Donald & Michael E. Parrish
ALABAMA CAR LAWYERS, LLC
1707 29th Court South
Birmingham, Alabama 35209
cdonald@alabamacarlaw.com
mparrish@alabamacarlaw.com
*Counsel for Plaintiff*

This 12th day of January, 2024.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Peyton E. Patterson*
S. Christopher Collier
Alabama Bar No.: COL114
Peyton E. Patterson
Alabama Bar No.: PAT108
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585 (phone)
(404) 467-8845 (fax)
Chris.Collier@lewisbrisbois.com
Peyton.Patterson@lewisbrisbois.com
*Counsel for Defendants Serra Nissan Oldsmobile, Inc. and Serra Automotive Management Group, Inc.*

26