FILED

2024 Jan-26  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ZACHARY HOPKINS,<br><br>     Plaintiff,<br><br>  v.<br><br>SERRA NISSAN OLDSMOBILE, INC., and SERRA AUTOMOTIVE MANAGEMENT GROUP, INC.,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>   v.<br><br>ID AUTO SALES, INC.,<br>DOUG'S AUTO REPAIR & DETAIL, LLC,<br>VICTORY LIEN SERVICES, LLC,<br>BROOKLYN DUANE HOLIDAY,<br>PAULETTA J. HOLIDAY,<br>CHRISTOPHER BURT, and<br>ALVIN LEE STABLER<br><br>    Third-Party Defendants. | Civil Action No. 2:23-cv-1731-ACA |

## DEFENDANTS SERRA NISSAN OLDSMOBILE, INC. AND SERRA AUTOMOTIVE MANAGEMENT GROUP, INC.'S THIRD-PARTY COMPLAINT AGAINST ID AUTO SALES, INC.,  DOUG'S AUTO REPAIR & DETAIL, LLC,  VICTORY LIEN SERVICES, LLC, BROOKLYN DUANE HOLIDAY, PAULETTA J. HOLIDAY, CHRISTOPHER BURT, AND ALVIN LEE STABLER

- 1 -

COME NOW Serra Nissan Oldsmobile, Inc. and Serra Automotive Management Group, Inc., (hereinafter "Third-Party Plaintiffs"), Defendants/Third-Party Plaintiffs in the above-captioned action, and pursuant to Fed. R. Civ. P. 14(a)(1) hereby file its Third-Party Complaint against Third-Party Defendants Id Auto Sales, Inc., Doug's Auto Repair & Detail, LLC, Victory Lien Services, LLC, Brooklyn Duane Holiday, Pauletta J. Holiday, Christopher Burt, and Alvin Lee Stabler (hereinafter "Third-Party Defendants"), showing this Court as follows:

## PARTIES, JURISDICTION, AND VENUE

### 1.

This Court has jurisdiction in accordance with 28 U.S.C. § 1331, as Count One of Plaintiff's underlying Complaint concerns a federal question within the original jurisdiction of the district court.

### 2.

Third-Party Defendant Id Auto Sales, Inc., is, on information and belief, an Alabama corporation with its principal place of business located at 1531 3rd Ave. W., Birmingham, Alabama 35208.

### 3.

Third-Party Defendant Doug's Auto Repair & Detail, LLC (a.k.a. Doug's Towing & Auto Repair, LLC) is, on information and belief, an Indiana company

with its principal place of business located at 2703 S. Clinton St., Fort Wayne, Indiana 46806.

4.

Third-Party Defendant Victory Lien Services, LLC, is, on information and belief, an Indiana company with its principal place of business located at P.O. Box 628, Cicero, Indiana 46034.

5.

Third-Party Defendants Brooklyn Duane Holiday and Pauletta J. Holiday (a.k.a. Pauletta James) are residents of St. Clair County, Alabama, who, upon information and belief, can be served individually at 930 Clover Ave., Odenville, Alabama 35120.

6.

Third-Party Defendant Christopher Burt is a resident of Bibb County, Alabama, who, upon information and belief, can be served at 156 Hallman Hollow Road, Brent, Alabama 35034.

7.

Third-Party Defendant Alvin Lee Stabler is a resident of Tuscaloosa County, Alabama, who, upon information and belief, can be served at 5350 Ken Sealy Drive, Apt. A104, Cottondale, Alabama 35453.

8.

Once served, Third-Party Defendants will be subject to the jurisdiction of this Court.

9.

Venue in this Court is proper in that the claims against Third-Party Plaintiffs for which Third-Party Defendants are wholly and/or partially liable are pending here.

10.

The claims set forth in this Third-Party Complaint arise from the same incident, transaction, and occurrence described in Plaintiff's Complaint.

**RELEVANT FACTS**

11.

Plaintiff Zachary Hopkins filed the underlying Complaint against Third-Party Plaintiffs on November 15, 2023, asserting claims related to the sale of a 2019 Nissan Altima VIN XXXXXXXXXXX125615 (hereinafter, the "Vehicle").

12.

Third-Party Plaintiffs were served on or about November 20, 2023.

13.

Third-Party Plaintiffs filed a Notice of Removal to the United States District Court Northern District of Alabama, Southern Division on December 20, 2023.

14.

The Complaint alleges that Third-Party Plaintiffs violated the Federal Odometer Act by failing to disclose the actual mileage of the vehicle, providing false disclosures, and selling the vehicle to Plaintiff without a clear chain of title and with an altered or rolled back odometer. *See* Exhibit A, ¶ 33.

15.

The Complaint further alleges that Third-Party Plaintiffs were negligent in the sale of the vehicle and fraudulently misrepresented material information as to the condition and mileage of the vehicle as are more particularly addressed throughout the Complaint.

16.

The Complaint alleges that Plaintiff suffered damages as a result of the alleged acts or omissions by Third-Party Plaintiffs.

17.

Third-Party Plaintiff Serra Nissan Oldsmobile purchased the vehicle from Third-Party Defendant Brooklyn Holiday on September 27, 2021. Holiday provided Serra Nissan with a physical Alabama Certificate of Title, title number 1072417019, (hereinafter "Alabama Title").

18.

Third-Party Plaintiffs relied on the Alabama Title provided by Third-Party Defendant Brooklyn Holiday in the sale of the vehicle to the Plaintiff.

19.

Third-Party Plaintiff Serra Nissan sold the vehicle to Plaintiff on November 16, 2021, under the belief that the Alabama title was clear and the odometer reading on the vehicle was correct.

20.

However, upon information and belief, an Indiana Certificate of Title, title number 21811186000614, (hereinafter, "Indiana Title") was issued for the same vehicle on October 4, 2021. The record title holder is Third-Party Defendant Alvin Lee Stabler.

21.

Upon information and belief, the Indiana Title obtained by Third-Party Defendant Alvin Lee Stabler labels the odometer brand as "Not Actual Reading" and the odometer reading as 30,150 miles.

22.

Each of the Third-Party Defendants is or may be liable to Third-Party Plaintiffs for whole or part of Plaintiff's claim against them. Thus, third-party claims

against each of the Third-Party Defendants are permissible under Fed. R. Civ. P. 14(a)(1).

## COUNT ONE: FRAUD/MISREPRESENTATION

23.

Third-Party Plaintiffs refer to and incorporate herein by reference Paragraphs 1 through 22 as though fully set forth herein.

24.

Each of the Third-Party Defendants engaged in title fraud that has resulted in Plaintiff's claims against Third-Party Plaintiffs.

25.

Upon information and belief, on August 10, 2019, Third-Party Defendant Christopher Burt purchased the vehicle from Townsend Nissan in Tuscaloosa, Alabama.

26.

According to the Alabama Department of Revenue Motor Vehicle Records, an Alabama Certificate of Title for the vehicle, title number 102591451, was issued on August 22, 2019. The lienholder on the vehicle was Nissan Motor Acceptance Corporation.

27.

According to the Alabama Department of Revenue Motor Vehicle Records, Third-Party Defendant Burt registered the vehicle in Bibb County, Alabama, on October 24, 2019. Third-Party Defendant Burt renewed the registration on February 27, 2020, and then again on March 3, 2021.

28.

Upon information and belief, between March 2021 and July 2021, Third-Party Defendant Christopher Burt transferred the vehicle to Third-Party Defendant Pauletta J. Holiday (a.k.a. Pauletta James). Upon further information and belief, there is no record of the transfer or sale of the vehicle.

29.

According to the Alabama Department of Revenue Motor Vehicle Records, Third-Party Defendant Pauletta J. Holiday (a.k.a. Pauletta James) registered the vehicle in St. Clair County, Alabama on July 8, 2021, and renewed the registration on September 10, 2021.

30.

Upon information and belief, between July 2021 and September 2021, Third-Party Defendant Id Auto Sales, Inc., obtained the vehicle from Third-Party Defendant Pauletta J. Holiday. Upon further information and belief, there is no record of the transfer or sale of the vehicle.

31.

According to the Alabama Department of Revenue Motor Vehicle Records, Third-Party Defendant Id Auto Sales, Inc., sold the vehicle to Third-Party Defendant Brooklyn Holiday on September 21, 2021.

32.

Upon information and belief, Third-Party Defendants Brooklyn Holiday and Pauletta J. Holiday are members of the same household.

33.

According to the Alabama Department of Revenue Motor Vehicle Records, on September 21, 2021, Third-Party Defendant Brooklyn Holiday applied for a title transfer citing an existing Georgia Title, title number 4000023896314785. Third-Party Defendant Id Auto Sales, Inc., is listed as the designated agent on the Alabama application for title transfer.

34.

Upon information and belief, the State of Georgia did not issue a title for the vehicle at any time.

35.

Upon information and belief, Third-Party Defendant Id Auto Sales, Inc., did not have transferable title to the vehicle.

36.

Upon information and belief, Third-Party Defendant Brooklyn Holiday was issued the Alabama Title for the vehicle on September 21, 2021.

37.

On September 27, 2021, Third-Party Defendant Brooklyn Holiday sold the vehicle to Third Party Plaintiff Serra Nissan Oldsmobile and provided them with the Alabama Title.

38.

Third-Party Defendant Brooklyn Holiday represented to Serra Nissan that the vehicle had good title.

39.

This representation was material and false.

40.

Serra Nissan reasonably relied on Third-Party Defendant Brooklyn Holiday's representation in deciding to sell the vehicle to Plaintiff.

41.

Upon information and belief, the Alabama Title was fraudulently obtained through the actions of Third-Party Defendants Christopher Burt, Pauletta J. Holiday, Brooklyn Holiday, and Id Auto Sales, Inc with the intent to deceive Third-Party Plaintiffs.

42.

Simultaneously, according to the Indiana Bureau of Motor Vehicle Records, on September 10, 2021, an Application for Indiana Certificate of Title for the vehicle was completed by Third-Party Defendant Alvin Lee Stabler and a Mechanic's Lien Bill of Sale was completed by Third-Party Defendant Doug's Auto Repair & Detail, LLC (a.k.a. Doug's Towing & Auto Repair, LLC).

43.

Upon information and belief, Third-Party Defendant Alvin Lee Stabler is the listed registered agent for Third-Party Defendant Doug's Auto Repair & Detail, LLC.

44.

Indiana Code Title 9 instructs that certain requirements must be met by law for the purchaser to obtain certificate of title through a mechanic's lien. A purchaser must provide proof of a mechanic's lien notice to owner and lienholder. A purchaser must also certify that the vehicle was advertised for sale at public auction.

45.

According to the Indiana Bureau of Motor Vehicle Records, Third-Party Defendant Doug's Auto Repair & Detail, LLC, provided documentation that Third-Party Defendant Victory Lien Services, LLC, coordinated the advertisement of the auction of the vehicle in the newspaper and provided notice of the mechanic's lien

to the owner, Third-Party Defendant Christopher Burt, and the lienholder, Nissan Motor Acceptance Corporation.

46.

Upon information and belief, the vehicle was not in Indiana at any time.

47.

Upon information and belief, to obtain the Indiana Title, Third-Party Defendants Doug's Auto Repair & Detail LLC, Alvin Lee Stabler, and Victory Lien Services LLC fraudulently misrepresented that:

    a.  the vehicle had been left in the custody of Doug's Towing and Auto Repair since January 6, 2021;

    b.  notice was provided to the owner and lienholder that the vehicle would be sold at public auction;

    c.  an advertisement for the vehicle to be sold at public auction was published on July 5, 2021;

    d.  the vehicle was sold at public auction on July 22, 2021 to Third-Party Defendant Alvin Lee Stabler;

    e.  the vehicle was inspected by a police officer with the Fort Wayne Police Department; and

    f.  the vehicle had an odometer reading of 30,150 miles.

48.

These representations were material and false when made.

49.

These representations caused interference with the chain of title and the actual known mileage of the vehicle directly affecting Third-Party Plaintiffs ability to sell the vehicle.

50.

As a direct result of each of Third-Party Defendants' fraudulent conduct, Third-Party Plaintiffs have incurred, and will continue to incur, damages in the form of attorneys' fees, litigation costs, and other damages.

## COUNT TWO: CIVIL CONSPIRACY

51.

Third-Party Plaintiffs refer to and incorporate herein by reference Paragraphs 1 through 50 as though fully set forth herein.

52.

Third-Party Defendants Id Auto Sales, Inc., Brooklyn Duane Holiday, Pauletta J. Holiday, and Christopher Burt conspired to fraudulently obtain Alabama Title to the vehicle with the intent to deceive Third-Party Plaintiffs.

53.

Third-Party Defendants Doug's Auto Detail & Repair, LLC, Alvin Lee Stabler, and Victory Lien Services LLC, conspired to fraudulently obtain Indiana Title to the vehicle with the intent to defraud the lienholder.

54.

These wrongful acts have caused direct harm to Third-Party Plaintiffs and Plaintiff.

55.

As a direct result of Third-Party Defendants' actions, Third-Party Plaintiffs have incurred, and will continue to incur, damages in the form of attorneys' fees, litigation costs, and other damages.

**COUNT THREE: BREACH OF WARRANTY**

56.

Third-Party Plaintiffs refer to and incorporate herein by reference Paragraphs 1 through 55 as though fully set forth herein.

57.

Third-Party Plaintiff Serra Nissan entered into an agreement with Third-Party Defendant Brooklyn Holiday for the purchase and sale of the vehicle with certain implied warranties.

58.

Pursuant to Uniform Commercial Code § 2-315, an implied warranty is a warranty that is not expressly stated, but presumed that the goods are fit for the purpose of which it is sold.

59.

Third-Party Defendant Brooklyn Holiday was aware that Third-Party Plaintiff Serra Nissan is a new and used car dealership that purchases used vehicles to resell them. Third-Party Defendant Brooklyn Holiday knew or had reason to know the vehicle was not fit for that purpose.

60.

Third-Party Defendant Brooklyn Holiday, as the Seller, certified that the vehicle had clean title.

61.

Third-Party Defendant Brooklyn Holiday failed to provide true and accurate information.

62.

As a result of Third-Party Defendant Brooklyn Holiday's breach, Third-Party Plaintiffs have suffered damages, including but not limited to, damages of claims by the Plaintiff, costs and attorney's fees and any and all other damages adjudged by this Court.

## COUNT FOUR: COMMON LAW INDEMNIFICATION

63.

Third-Party Plaintiffs refer to and incorporate herein by reference Paragraphs 1 through 62 as though fully set forth herein.

64.

Third-Party Plaintiffs are not liable for any fraud, misrepresentation or breach of warranties claimed by Plaintiff.

65.

Any liability on the part of Third-Party Plaintiffs is purely passive, technical, vicarious, derivative and/or constructive in nature.

66.

Accordingly, Third-Party Plaintiffs are entitled to indemnification from Third-Party Defendant Brooklyn Holiday.

## JURY DEMAND

Third-Party Plaintiffs demand a trial by struck jury.

## PRAYER FOR RELIEF

WHEREFORE, having stated their Third-Party Complaint against Third-Party Defendants, Third-Party Plaintiffs respectfully pray:

1. For Summons and Process to be issued and served upon Third-Party Defendants;

2. For judgment against Third-Party Defendants for any and all sums that Plaintiff may recover against Third-Party Plaintiffs;

3. For trial by jury on all issues for which a right to trial exists;

4. For Third-Party Plaintiffs to be awarded all damages sustained as a result of Third-Party Defendants' wrongful conduct including, without limitation, compensatory, special, incidental, and/or consequential damages, in an amount to be determined at trial, plus attorneys' fees, costs and pre- and post-judgment interest;

5. For all other relief this Court deems just and proper.

Respectfully submitted this 26th day of January, 2024.

**LEWIS BRISBOIS BISGAARD SMITH, LLP**

*/s/ Peyton E. Patterson*

Bank of America Plaza
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467.8845 – Facsimile
Chris.Collier@lewisbrisbois.com
Peyton.Patterson@lewisbrisbois.com

S. CHRISTOPHER COLLIER
Alabama Bar No. COL114
PEYTON E. PATTERSON
Alabama Bar No. PAT108

*Counsel for Defendants/Third-Party Plaintiffs*

- 17 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I served a true and correct copy of the foregoing ***Defendants Serra Nissan Oldsmobile, Inc. and Serra Automotive Management Group, Inc.'s Third-Party Complaint Against Id Auto Sales, Inc., Doug's Auto Repair & Detail LLC, Victory Lien Services, LLC, Brooklyn Duane Holiday, Pauletta J. Holiday, Christopher Burt, and Alvin Lee Stabler*** by filing with the clerk's office using the e-filing system, which will automatically send notification of such filing to all counsel of record, as follows:

Thomas C. Donald
Michael E. Parrish
Parrish & Donald
**ALABAMA CAR LAWYERS, LLC**
1707 29th Court South
Birmingham, Alabama 35209
cdonald@alabamacarlaw.com
mparrish@alabamacarlaw.com
*Counsel for Plaintiff*

**Id Auto Sales, Inc.**
ATTN: Ibrahima Diallo
1531 3rd Ave. West
Birmingham, Alabama 35208

**Doug's Auto Repair & Detail, LLC**
ATTN: Alvin Lee Stabler
2703 S. Clinton St.
Fort Wayne, Indiana 46806

**Victory Lien Services, LLC**
ATTN: Tye Corey Anderson
P.O. Box 628
Cicero, Indiana 46034

**Brooklyn Duane Holiday**
930 Clover Ave.
Odenville, Alabama 35120

**Pauletta J. Holiday**
930 Clover Ave.
Odenville, Alabama 35120

**Christopher Burt**
156 Hallman Hollow Road
Brent, Alabama 35034

**Alvin Lee Stabler**
5350 Ken Sealy Drive, Apt. A104
Cottondale, Alabama 35453

This 26th day of January, 2024.

**LEWIS BRISBOIS BISGAARD SMITH, LLP**

*/s/ Peyton E. Patterson*

Bank of America Plaza
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467.8845 – Facsimile
Chris.Collier@lewisbrisbois.com
Peyton.Patterson@lewisbrisbois.com

S. CHRISTOPHER COLLIER
Alabama Bar No. COL114
PEYTON E. PATTERSON
Alabama Bar No. PAT108

*Counsel for Defendants/Third-Party Plaintiffs*