# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ZACHARY HOPKINS,** | ] |
| Plaintiff, | ] |
| v. | ] |
| **SERRA NISSAN OLDSMOBILE, INC.,** Aka **SJB CORPORATION,** | ] |
| Defendants-Third Party Plaintiffs, | ]    2:23-cv-1731-ACA |
| v. | ] |
| **ID AUTO SALES, INC., et al.,** | ] |
| Third Party Defendants. | ] |

## ORDER

Plaintiff Zachary Hopkins filed suit against Defendants Serra Nissan Oldsmobile, Inc., and Serra Automotive Management Group, Inc. (collectively, "Serra"), alleging that they are liable for selling him a car with false mileage and improper title. (Doc. 1 at 11–33). Serra denies liability. (*See* doc. 7 ¶¶ 41, 48, 58, 65, 76, 81, 87, 96, 103). Serra has filed a third-party complaint against Id Auto Sales, Inc., Doug's Auto Repair & Detail, LLC, Victory Lien Services, LLC, Brooklyn Duane Holiday, Pauletta J. Holiday, Christopher Burt, and Alvin Lee Stabler, alleging that "[e]ach of the Third-Party Defendants is or may be liable to [Serra] for

whole or part of [Mr. Hopkins]'s claim against [Serra]." (Doc. 10 at ¶¶ 2–7, 22). Mr. Burt has answered the third-party complaint (doc. 19), and the Holidays have received an extension of time to file their responsive pleadings (doc. 31). Serra now moves for entry of default and default judgment against the remaining third-party defendants: Id Auto Sales, Doug's Auto Repair & Detail, Victory Lien Services, and Mr. Stabler. (Docs. 35–38).

The court **GRANTS IN PART** and **DENIES IN PART** the motions for default. Serra has adequately supported its motion for default against Mr. Stabler and Victory Lien Services, so the court **GRANTS** the motion for default and **DIRECTS** the Clerk to enter a party's default against Mr. Stabler and Victory Lien Services. But Serra has not adequately supported its motions for default against Id Auto Sales and Doug's Auto Repair & Detail, so the court **DENIES** the motions for default against them **WITHOUT PREJUDICE** to refiling. The court **DENIES** all motions for default judgment **WITHOUT PREJUDICE**.

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a party fails to plead or otherwise defend a lawsuit "and that failure is shown by affidavit or otherwise," the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, if the defaulting party is not an infant or an incompetent person, the court may enter a default judgment as long as the well-pleaded allegations in the complaint state a claim for relief.

Fed. R. Civ. P. 55(b); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A party]'s default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.").[1]

In addition, where a case involves multiple parties, a court should be cautious about entering a default judgment because of the risk of inconsistent judgments. *See, e.g.*, *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (holding that a court should not enter default judgment against a party who may be jointly liable until the court adjudicates the matter with respect to all defendants because "if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.  But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."); *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (describing the "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against the defaulting defendant if the other defendant prevails on the merits").

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

3

Serra's motions seek both entry of default and entry of default judgment. (*See* doc. 35 at 4; doc. 36 at 4; doc. 37 at 4; doc. 38 at 4). The court will address the propriety of entering default for each third-party defendant before turning to the motions for default judgment.

1.   Entry of Default

*a. Mr. Stabler*

Serra sues Mr. Stabler individually. (*See* doc. 10 at 3). Serra submits an affidavit from a process server attesting that she personally served Mr. Stabler on May 29, 2024. (Doc. 29-1 at 6). Mr. Stabler has not appeared in this action even though the time for him to file a responsive pleading has expired. *See* Fed. R. Civ. P. 12(a)(1)(i). Accordingly, entry of Mr. Stabler's default is appropriate. The court **DIRECTS** the Clerk to enter default against Mr. Stabler.

*b. Victory Lien Services*

Victory Lien Services is a limited liability company. (Doc. 10 ¶ 4). Accordingly, service had to be on "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process," Ala. R. Civ. P. 4(c)(6); Fed. R. Civ. P. 4(e)(1), (h)(1)(A), or on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B). The summons for Victory Lien Services identifies Tye Corey Anderson

4

as the person to accept service. (Doc. 15 at 17). And the process server's affidavit attests that on May 13, 2024, she served "Cory Andersen, who is designated by law to accept service of process on behalf of Victory Lien Services." (Doc. 29-1 at 5). Victory Lien Services has not appeared in this action even though the time for it to file a responsive pleading has expired. *See* Fed. R. Civ. P. 12(a)(1)(i). Accordingly, entry of default against Victory Lien Services is appropriate. The court **DIRECTS** the Clerk to enter default against Victory Lien Services.

### c. Doug's Auto Repair & Detail

Doug's Auto Repair & Detail is a limited liability company. (Doc. 10 ¶ 3). Accordingly, service had to be on "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process," Ala. R. Civ. P. 4(c)(6); Fed. R. Civ. P. 4(e)(1), (h)(1)(A), or on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B). The summons for Doug's Auto Repair & Detail identifies Mr. Stabler as the person to accept service. (Doc. 15 at 21). But the process server's affidavit attests that he served "HISPANIC MALE. No English, who is designated by law to accept service of process on behalf of Doug's Auto Repair & Detail." (Doc. 29-1 at 4). Serra has provided no other evidence to establish that the unnamed male who accepted service was authorized to do so. (*See* doc. 36). Accordingly, the court

5

**DENIES** the motion for entry of default against Doug's Auto Repair & Detail **WITHOUT PREJUDICE** to refiling.

*d. Id Auto Sales*

Id Auto Sales is a corporation. (Doc. 10 ¶ 2). Accordingly, service had to be on "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process," Ala. R. Civ. P. 4(c)(6); Fed. R. Civ. P. 4(e)(1), (h)(1)(A), or on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B). The summons identifies Ibrahima Diallo as the person to accept service for Id Auto Sales. (Doc. 15 at 25). But the process server's affidavit states that he served "Jay Wahaman, who is designated by law to accept service on behalf of AD Auto Sales c/o Ibrahima Diallo." (Doc. 29-1 at 1). Serra has provided no evidence to explain the inconsistencies between the person Serra identified to accept service and the person who accepted service or the names "Id Auto Sales" and "AD Auto Sales." (*See* doc. 37). Accordingly, the court **DENIES** entry of default against Id Auto Sales **WITHOUT PREJUDICE** to refiling.

2. Entry of Default Judgment

Because entry of default against Doug's Auto Repair & Detail and Id Auto Sales is not appropriate, neither is entry of default judgment. *See* Fed. R. Civ. P.

6

55(a), (b). The court therefore **DENIES** the motions for default judgment against Doug's Auto Repair & Detail and Id Auto Sales **WITHOUT PREJUDICE**. (Docs. 36–37). However, the court has ordered entry of default against Mr. Stabler and Victory Lien Services. Accordingly, the court will address the motions for default judgment against them separately.

A court cannot enter default judgment against a party merely because of their failure to appear; the well-pleaded allegations must state a claim against that party. *See Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). And Serra's motions make no argument about how the allegations against Mr. Stabler and Victory Lien Services would establish liability for the claims asserted against them. (*See* docs. 35–38). Moreover, Serra's claims against Mr. Stabler and Victory Lien Services depend on the success of Mr. Hopkins's claims against Serra. (*See* doc. 10 ¶ 22). Accordingly, entry of default judgment against Mr. Stabler and Victory Lien Services at this point would risk inconsistent judgments. *Cf. Gulf Coast Fans*, 740 F.2d at 1512. The court therefore **DENIES** the motions for default judgment against Mr. Stabler and Victory Lien Services **WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this August 15, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE