FILED

2026 May-08 PM 12:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ZACHARY HOPKINS,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:23-cv-1731-ACA** |
| | ] | |
| **SERRA NISSAN OLDSMOBILE, INC.,** | ] | |
| **et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

### MEMORANDUM OPINION

Plaintiff Zachary Hopkins filed suit against Defendants Serra Nissan Oldsmobile, Inc. and Serra Automotive Management Group, Inc. (collectively, "Serra") in state court. (Doc. 1 at 11–33). After Serra removed the case to federal court, Serra filed a third party complaint, followed by an amended third party complaint, against a number of third-party defendants (Id Auto Sales, Inc.; Doug's Auto Repair & Detail, LLC; Victory Lien Services, LLC; Brooklyn Duane Holiday; Brooklyn Dwight Holiday, Jr.; Pauletta J Holiday; Christopher Burt; and Alvin Lee Stabler). (Docs. 10, 50). Mr. Burt and the Holidays all appeared. (Docs. 19, 39, 61–63). After many delays in the third party case, the court severed all third party claims, terminating the third party defendants and leaving only Mr. Hopkins and Serra as parties in this case. (Doc. 77). Mr. Hopkins and Serra have now filed a joint

stipulation to dismiss all of Mr. Hopkins's claims against Serra with prejudice, though they do not specify which Federal Rule of Civil Procedure provides the authority to dismiss those claims. (Doc. 144).

Federal Rule of Civil Procedure 41 provides the general rule for voluntary dismissal of claims. *See* Fed. R. Civ. P. 41(a). That rule permits dismissal of claims without a court order only where the plaintiff files a notice before the opposing party has been served or filed a motion for summary judgment, or when all parties who have appeared have signed a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). The parties filed this notice after Serra filed a motion for summary judgment (doc. 110), and this stipulation is not signed by Mr. Burt or the Holidays (*see* doc. 144). Accordingly, it is not self-executing. *See* Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii); *see also City of Jacksonville v. Jacksonville Hosp. Holdings, LP*, 82 F.4th 1031, 1038 (11th Cir. 2023) ("[A] Rule 41(a)(1)(A)(ii) stipulation also requires the signature of a party that appeared but has already been removed from an action.").

Where Rule 41(a)(1) is inapplicable, Rule 41(a)(2) permits a court to dismiss "an action" at the plaintiff's request. The Eleventh Circuit has explained that "an action" means every claim. *See CMYK Enters., Inc. v. Advanced Print Techs., LLC*, 154 F.4th 1329, 1336 (11th Cir. 2025). But "in a multi-[party] lawsuit, an 'action' can refer to all the claims" asserted by one party against another party. *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023). Accordingly, a court may

2

dismiss all claims against a defendant under Rule 41(a)(2). *See id.*; *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). Because the parties seek dismissal of all claims against Serra, the court may enter an order of dismissal under Rule 41(a)(2).

Accordingly, the court **WILL DISMISS** Serra from this action **WITH PREJUDICE**. The court will enter a separate final order.

**DONE** and **ORDERED** this May 8, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

3